749 F.2d 1367
 TULALIP TRIBES OF WASHINGTON, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
UPPER SKAGIT INDIAN TRIBE, et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
NATIONAL WILDLIFE FEDERATION, et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 Nos. 83-7139, 83-7140 and 83-7149.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 13, 1984.
Decided Dec. 21, 1984.
 
 Allen H. Sanders, James H. Jones, Bell & Ingram, P.S., Everett, Wash., Robert L. Otsea, Jr., Seattle, Wash., Christopher H. Meyer, Washington, D.C., for petitioners.
 Joshua Z. Rokach, F.E.R.C., Washington, D.C., for respondent.
 On Petitions for Review of Orders of the Federal Energy Regulatory Commission.
 Before WRIGHT and HUG, Circuit Judges, and EAST,* Senior District Judge.
 EUGENE A. WRIGHT, Circuit Judge:
 In Tulalip Tribes of Washington v. Federal Energy Regulatory Commission, 732 F.2d 1451 (9th Cir.1984), these petitioners prevailed in their challenge to a final rule adopted by the Federal Energy Regulatory Commission. Petitioners subsequently moved for an award of attorney fees under the Equal Access to Justice Act and sought reconsideration of the Clerk's denial of their cost bills.
 
 
 1
 On December 6, 1984, we denied the application for fees and the motion for reconsideration of the order denying costs. We write now to explain in greater detail the basis of our decision.
 
 
 2
 Petitioners base their request for some $50,000 in fees on 28 U.S.C. Sec. 2412(d)(1)(A) (emphasis added):
 
 
 3
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 4
 We emphasize the reference to subsection (a) in this provision because it is critical to our analysis. The subsection provides, in pertinent part:
 
 
 5
 Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against ... any agency ... of the United States ... in any court having jurisdiction of such action.
 
 
 6
 The Commission contends that an award of costs is barred by the following language of section 317 of the Federal Power Act, 16 U.S.C. Sec. 825p: "No costs shall be assessed against the Commission in any judicial proceeding under this chapter." The Commission argues further that this statutory bar to the award of costs precludes the award of attorney fees under 28 U.S.C. Sec. 2412(d)(1)(A); that is, that no award of fees "in addition to any costs awarded pursuant to subsection (a)" is possible because no costs may be awarded.
 
 
 7
 Although the statute does not mention expressly the question of attorney fees, the Commission's point of view is compelling. If the award of costs is specifically barred, can Congress have meant to permit an award of attorney fees?
 
 
 8
 Petitioners urge two reasons why section 825p should not bar the award of fees and costs, and a third reason why fees should be allowed even if costs cannot be awarded. They contend that: (1) the statute bars the award of costs only in proceedings brought under that specific section; (2) their action was not brought "under this chapter" within the meaning of the statute because they asserted violations of other statutes in addition to the Federal Power Act; and (3) fees can be awarded under EAJA even if the award of costs is barred. We find none of these contentions persuasive.
 
 
 9
 Petitioners' first contention rests on the fact that the bar to the award of costs is found at the end of a lengthy section dealing with the jurisdiction of district courts over civil and criminal actions to enforce provisions of the Federal Power Act. They then contend that the bar should be inapplicable to actions brought directly in the courts of appeals under 16 U.S.C. Sec. 825l to review Commission rule-making decisions.
 
 
 10
 Petitioners' theory cannot survive a plain reading of the statute. Congress did not choose merely to bar an award of costs for cases brought "under this section." It barred the award in cases brought "under this chapter."
 
 
 11
 In the original version of the statute, the bar applied to cases brought "under this Act," meaning the Act of June 10, 1920, now known as the Federal Power Act and classified generally as chapter 12 of title 16 [16 U.S.C. Secs. 791a-793, 795-797, 798-818, 820-825r]. See 16 U.S.C. Sec. 825p note.
 
 
 12
 Petitioners based jurisdiction in this court on 16 U.S.C. Sec. 825l, the only available statute. That section was part of the original Act of June 10, 1920, and is part of the chapter referred to in section 825p. See 16 U.S.C. Sec. 825 l note. We reject petitioners' attempt to limit the reach of the ban on cost and fee awards to cases brought under section 825p alone.
 
 
 13
 Petitioners' second contention is equally meritless. Although they asserted violations of statutes other than the Federal Power Act, their action was and could have been brought only "under this chapter" of title 16. Subsequent congressional expansion of the substantive issues reviewable in a proceeding brought under that grant of jurisdiction in no way avoids the statutory bar to the award of costs and fees.
 
 
 14
 Petitioners' third contention concedes, for purposes of argument, the ban on cost awards but seeks nonetheless to give rise to a right to attorney fees under EAJA. Simply stated, their theory is that attorney fees are not expressly precluded by section 825p and that fees may be awarded under EAJA "in addition to any [i.e., zero] costs ...."
 
 
 15
 Although this theory is the only one raised by petitioners that is not squarely precluded by the language of section 825p, we nonetheless find it unpersuasive. We find no indication in the legislative history of EAJA that Congress meant to expand the rights of litigants in proceedings under the Federal Power Act. Compare United States v. 101.80 Acres of Land, 716 F.2d 714 (9th Cir.1983) (legislative history of EAJA demonstrated congressional intent to permit condemnees obtaining greater compensation to receive costs and attorney fees despite continued use of "prevailing party" language that, prior to EAJA, had been held not to include them for purposes of cost awards).
 
 
 16
 Prior to the enactment of EAJA, costs could generally be awarded against the United States but fees were barred. EAJA removed the bar to fee awards by making them available "in addition to ... costs" but did not expressly create a right to fees if the award of costs was barred.
 
 
 17
 Although we sympathize with petitioners' plight, we are not free to disregard the statutory bar of 16 U.S.C. Sec. 825l.
 
 
 18
 APPLICATIONS FOR ATTORNEY FEES AND MOTION FOR RECONSIDERATION OF ORDER DENYING COSTS DENIED.
 
 
 
 *
 Of the District of Oregon